UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL FEGAN,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 1:26-cv-03141-KES-HBK (HC)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS UNEXHAUSTED AND SUCCESSIVE[1]<br>(Doc. 1)<br>FINDINGS AND RECOMMENDATIONS TO DENY CONSTRUED MOTION TO AMEND PETITION<br>(Doc. 16)<br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Stephen Russell Fegan, a state prisoner proceeding pro se and *in forma pauperis*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on April 24, 2026. (Doc. 1, "Petition"). The Petition challenges Petitioner's exclusion from California's Elderly Parole Program and the constitutionality of California Penal Code 190.2 as applied to his first-degree murder conviction and sentence. (*Id*. at 4-5).

On May 29, 2026, the Court ordered Respondent to file a limited response addressing exhaustion and whether the Petition is second or successive. (Doc. 7). Respondent filed a limited

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

response on July 10, 2026. (Doc. 13). Respondent contends that Petitioner failed to exhaust his claim concerning the Elderly Parole Program and that his challenge to Penal Code section 190.2 is an unauthorized successive claim. (*Id*.).

On July 29, 2026, Petitioner filed a reply and supporting exhibits. (Doc. 15). Petitioner states that he is awaiting appointment of counsel in an appeal pending before the California Court of Appeal. (*Id*.). *See also* Doc. 9 (notifying the Court that "issues of exhaustion are apparent in the formal filing of the petition for acceptance into the elderly parole program"), Doc. 10 (admitting that as of June 17, 2026, his claim has not been exhausted)).

On August 17, 2026, the Clerk of Court lodged Petitioner's First Amended Petition. (Doc. 16). Liberally construed, the lodged pleading appears to asserts claims concerning the trial court failure to instruct on self-defense, the relationship between mental disorder and head trauma evidence, and specific intent. (*Id*. at 22-40).

For the reasons below, the undersigned recommends that the Petition be dismissed and that Petitioner's construed motion for leave to amend be denied.

## I. BACKGROUND

In 1995, Petitioner was convicted in Merced County Superior Court of two counts of first-degree murder, with special circumstance findings, as well as first-degree burglary, arson of an inhabited structure, and child abduction. The jury also found personal-use enhancements as to the murder counts. Petitioner received two sentences of life without the possibility of parole, plus additional determinate terms. His conviction and sentence were affirmed on direct appeal in 1997, and the California Supreme Court denied review in 1998. *See Fegan v. Matterson*, 1:23-cv-01520-KES-SKO, Doc. 19.

The Court takes judicial notice of its own records. Petitioner has filed numerous prior federal habeas petitions challenging the same conviction and sentence, as well as the denial of resentencing relief under Penal Code § 1170.95. *See e.g., Fegan v. Schultz*, No. 1:24-cv-01250-KES-SAB (dismissed as successive); *Stephen v. Matterson*, No. 1:23-cv-01520-KES-SKO; *Fegan v. Arnold*, No. 1:16-cv-1142-SKO (dismissed as successive); *Fegan v. Frauenheim*, No. 1:14-cv-01022-AWI-SMS (dismissed for lack of jurisdiction); *Fegan v. Brazelton*, No. 1:14-cv-

00967-AWI-JLT (dismissed as successive); *Fegan v. Warden*, No. 1:11-cv-01863-LJO-JLT (dismissed as successive); *Fegan v. Warden*, No. 1:10-cv-01690-AWI-JLT; *Fegan v. Warden*, No. 1:08-cv-01373-JLT (dismissed as untimely); *Fegan v. California*, No. 1:08-cv-01140-DLB (dismissed as successive); *Fegan v. Scribner*, No. 1:06-cv-00531-OWW-DLB (dismissed as successive); *Fegan v. Roe*, No. 1:99-cv-06427-OWW-LJO (denied on the merits).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases, if a habeas petition survives screening, the court must order the respondents to file an answer, motion, or other response. R. Governing 2254 Cases 4. A motion to dismiss is treated as a request for dismissal under Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). The court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. Operative Petition

#### a. Exhaustion Analysis

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see also Hendricks v. Zenon*, 993

F.2d 664, 672 (9th Cir. 1993) (directing that exhaustion should be excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist."); *Ducksworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.").

Respondent contends that Petitioner has not exhausted his claim concerning his exclusion from the Elderly Parole Program (CPC § 3055).[2] (Doc. 13). The Petition states that Petitioner filed a state habeas petition in superior court, which was denied on March 12, 2026. (Doc. 1 at 7). In his reply, Petitioner identifies Case No. F091144, pending in California's Fifth Appellate District Court of Appeal, and attaches correspondence confirming the filing of his appeal and advising he would be contacted concerning his request for appointed counsel. (Doc. 15 at 3).

The Court takes judicial notice of the California Courts Appellate Courts Case Information database. See Fed. R. Evid. 201. That database confirms that Petitioner filed a habeas petition in Case No. F091144 in the Fifth District Court of Appeal on February 6, 2026. It does not reflect a habeas petition filed by Petitioner in the California Supreme Court after 2023.[3] Petitioner neither asserts nor demonstrates that he presented this claim to the California Supreme Court. Rather, his filings indicate that his state court proceeding remains in the Fifth Appellate District. (*See* Docs. 9, 10, 15).

Petitioner therefore has not exhausted available state-court remedies as to his Elderly Parole claim. The undersigned recommends dismissal of that claim without prejudice. If Petitioner presented the claim to the California Supreme Court, he may submit evidence of that filing with any objections to these Findings and Recommendations.

---

[2] California's Elderly Parole Program requires the Board of Parole Hearings to review the parole suitability of incarcerated persons who are at least 50 years old and have served at least 20 consecutive years on their current determinate or indeterminate sentence. Cal. Penal Code § 3055(a). The program does not apply, however, to cases in which sentencing occurred under Penal Code § 1170.12 or § 667, subdivisions (b) through (i), or where the person was sentenced to death or life imprisonment without the possibility of parole. Cal. Penal Code § 3055. Because Petitioner was sentenced to life without the possibility of parole, § 3055 does not apply.

[3] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for " Stephen Fegan").

b. Successiveness Analysis

A claim presented in a second or successive petition must be dismissed if it was presented in a prior petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must also be dismissed unless the petitioner can show one of the narrow exceptions: (1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court; or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). Before filing a second or successive petition in district court, however, a petition must obtain permission from the appropriate court of appeal. *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Absent authorization from the court of appeals, the district court lacks jurisdiction to consider a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020).

Petitioner has repeatedly sought federal habeas relief from the same conviction and sentence. *See supra*. To the extent the Petition raises claims not previously asserted, Petitioner was required to obtain authorization from the Ninth Circuit before filing them in this Court. Respondent further notes that, in March 2026, the Ninth Circuit dismissed as successive Petitioner's habeas petition challenging, *inter alia*, his conviction and sentence under Penal Code 190.2. (Doc. 13-3).

Petitioner has not shown that the Ninth Circuit authorized this successive petition. Accordingly, the Court lacks jurisdiction over Petitioner's remaining claim, and the undersigned recommends its dismissal. 28 U.S.C. § 2254; *Burton*, 549 U.S. at 157.

B. Lodged First Amended Petition

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend once "as a matter of course" within 21 days after service of a responsive pleading. Petitioner lodged a First Amended

Petition on August 17, 2026, more than 21 days after Respondent filed the limited response. (Docs. 13, 16). Petitioner therefore may amend only with the Respondent's written consent or leave of Court. Fed. R. Civ. P. 15(a)(2).

Because pro se pleadings are liberally construed, the Court construes the lodges First Amended Petition as a motion for leave to amend. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Leave should be freely given when justice so requires, but may be denied where amendment would be futile. *Bonin v. Calderon,* 59 F.3d 815, 844–45 (9th Cir.1995); *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021).

Although the proposed amendment refers to resentencing under Penal Code § 1172.6, it does not challenge the denial of a particular resentencing petition. Instead, it is substantively identical to, and merely reiterates, allegations raised in Petitioner's second amended petition in Case No. 1:23-cv-01520-KES-SKO. The Court dismissed those claims in its September 30, 2024 Order. *See* Case No. 1:23-cv-01520-KES-SKO (Doc. 54).

Because the proposed amended petition advances claims previously rejected and Petitioner has not obtained Ninth Circuit authorization to file a successive petition, amendment would be futile. The undersigned therefore recommends that the construed motion for leave to amend be denied.

III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's claim concerning the California Elderly Parole Program be DISMISSED without prejudice for failure to exhaust state-court remedies;
2. Petitioner's remaining claim be DISMISSED for lack of jurisdiction as an unauthorized successive claim;
3. Petitioner's construed motion for leave to file a first amended petition (Doc. 16) be DENIED as futile;
4. A certificate of appealability be DENIED; and
5. The Clerk of Court be directed to terminate any pending motions and deadlines and close this case.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: September 8, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE